## In Re: Benner

*William Renz,* for petitioner.
*Miriam Reimel,* for respondent.

BIEHN, *J.*, August 15, 1985 — Petitioner, Mary Ann Cassidy, the mother and natural guardian of Brian Andrew Benner and Colleen Elizabeth Benner, seeks to change the children's surname from Benner to Cassidy-Benner. Brian is 12 years old and Colleen is 10. Peter Benner, the children's father, objects to the proposed change. The parents were separated in 1977 and divorced in 1981. The mother has primary custody, although the father has substantial visitation privileges which he exercises diligently. For reasons stated below, the petition is denied.

In her petition, the mother alleges that the children have used the surname of Cassidy-Benner all their lives, that it is on their birth certificates and other relevant documents and that their father has created confusion by prevailing on school authorities to have their school records reflect only the name Benner. In addition, the mother contends that the children's father maintains certain financial records for them in the name Benner which has caused confusion over the actual ownership thereof.

A hearing was held on July 11, 1985. The testimony did not entirely support the allegations of the petition but established the following:

Some time after the parents' separation, the mother applied for and received amended birth certificates which now list the children's name as Cassidy-Benner. Likewise, she applied for and received amended Social Security cards for the children which have the name Cassidy Benner, without a hyphen.

Some of the school records reflect that the children were known as Cassidy-Benner until December 15, 1983, when in a custody matter, the Honorable Paul R. Beckert of this court entered an order which read in part as follows:

"Finally, we will order and direct that the children shall, from this point forward until such time as their name is legally changed, be known by the last name of Benner and shall not bear the middle name of Cassidy and shall not have a hyphenated last name, and if the same appears in any official documents, the natural father shall have the right, without further order of the court, to forthwith change any and all documents that exist bearing the name Cassidy or a hyphenation of that last name."

The mother registered the children with a pediatrician using the Cassidy-Benner name. It also appears that after the above order, she registered Colleen for soccer using the name Cassidy-Benner and registered both children as members of the YMCA under the name Cassidy.

The mother testified that she "wants her parentage recognized." Although she also added that she wishes to prevent the children from being confused, the primary motivating factor behind her actions since 1977 seems to be recognition of her name as parent, and not the children's welfare.

This conclusion is supported by the record. By letter dated October 16, 1981, to school officials, the mother made it clear that she wished to have her maiden name "included in his [Brian's] last name since this affords them the affiliation with their mother/custodian that is particularly important because of their background. . . ."

In addition, the record supports a finding that the mother has attempted to circumvent Judge Beckert's order. On March 21, 1984, she again wrote to school officials concerning the children's name.

"Dear Mr. Keller:

Just as a recap of our conversation this morning regarding Peter Benner's request that you change

the name under which the children are registered at school . . . I have enclosed the following:

. . . .

*Opinion I sought from independent legal counsel in this regard — paragraph three addresses the issue of if third parties are bound by this decision of Judge Beckert's. You may find the rest of the letter informative as well regarding the scope of a custody judge in this regard, etc.

. . . .

Regarding the childrens' name which have already been changed (court and Mr. Benner are not aware), attached you will find:

*Most recent birth registration from Commonwealth of Pennsylvania, Division of Vital Statistics.

*How the children are registered under their Social Security numbers.

*Correspondence from Vincent Galano, Chief of Certification Section dated August 23, 1982, regarding the law affecting children under the age of 14 who have been known for half of their life or more by a surname, and the resultant change with the Commonwealth.

You indicated you will be gaining legal counsel's opinion or whether you must be bound by Judge Beckert's opinion. Naturally, my position is that the children should remain known by the surname they have been known by throughout their schooling, at pre-school, and at Doyle. I know this is a situation which "puts you in the middle" and I sympathize, I am trying to keep my children out of the middle as well. I am most unwilling to spend $1,000 or more to rectify this ridiculous and unfounded determination of Judge Beckert so, unfortunately, I must put you in this position. I expect that you will work with me in whatever way possible.

Very truly yours,
Mary Ann F. Cassidy"

The father's motive for objecting to the name change is self-serving as well. He testified that he wants his name carried forward and that his name alone is the children's birthright. He further indicated that he never agreed to the changing of the birth certificates or the Social Security cards and that had he been consulted, he would have objected. He stated that he loves the children, and agreed that his relationship with them would not be different should the name change be granted.

The children testified *in camera* in the presence of the court stenographer and their parents' attorneys. They appeared to be intelligent and mature and it was obvious that they love both their parents. It was equally obvious that the idea of a name change was that of their mother. Both children stated that they would like to be known as Cassidy-Benner. However, it appeared to this court and we so find that the reason for their desire to use the double name is that they do not wish to see either parent hurt.

Brian testified that he would like to use Cassidy-Benner because his mother wants him to use that name and that she would be unhappy if he used only Benner. Likewise, his father would not be happy if he used only Cassidy. Brian stated that he wishes to try to be fair.

It was clear that the mother spoke to both children on a number of occasions about this subject and that prior to their court appearance, she had them psychologically evaluated with respect to the changing of their name.

In granting or refusing a name change petition after due hearing and notice, the court has wide discretion. Petition of Christjohn, 286 Pa. Super. 112, 115, 428 A.2d 597 (1981). "It is axiomatic that '[w]henever a court has discretion in any

matter . . . it will exercise that discretion in such a way as to comport with good sense, common decency and fairness to all concerned and to the public.' " Id.

Where the name change is that of a child, our Supreme Court has recognized that "a court would be reluctant to grant a very youthful minor's petition for a change of name." Id., citing Petition of Falcucci, 355 Pa. 588, 50 A.2d 200 (1947). "This is particularly so when granting the petition might tend to destroy a parental relationship which might prove beneficial to the child. Not only in legal fiction but in reality it is *the child* who is asking that his name be changed and it is his interests rather than his parents' which must be considered by us." (Citations omitted.) William Frederick Ramsey, III — Change of Name, 39 Bucks Co. L. Rep. 251, 252 (1982).

To this end, courts have considered the age of the child and his ability to determine what name he desires, the child's relationship with the opposing parent and the child's family situation. Browne v. Burnett, 28 D. & C. 3d 533, 535-536 (1984).

With the best interests of the children as our primary objective, this court finds no compelling reason to allow the name change nor any indication that use of the name Cassidy-Benner would further the welfare of the children. If anything, it is likely to add to the confusion as it is the name of neither parent. In light of the mother's testimony that she wants her parentage recognized, this court cannot help but wonder what changes to the children's name the mother might feel necessary should she remarry.

In addition, we are not persuaded that the children wish to have the name Cassidy-Benner. Despite their testimony, it was obvious to this court

that the mother wants the name change and has implanted this idea in the children, and that the children articulated that they wish to carry both names because they love both the parents and do not wish to make either unhappy.

In DeVane Petition, 3 D. & .C. 3d 515 (1977), the court in discussing the name change of an eight-year-old child stated:

"It is pretty plain that the mother is the one who wants the change, for her son is too young to know and I doubt strongly his capacity to understand the nature of the proceeding, let alone its initiation.

"We think it better to let this case rest until the minor knows his own mind and the father has had further opportunity to pursue his professed desire to retain a place in the child's life. If later the child again seeks the change, we will be in better position to entertain the expression of this desire." Id. at 517, citing Rounick's Petition, 47 D. & C. 71 (1942).

We believe this to be the better procedure here as well; that is to allow the children to make their own decisions at some point later in time when they know more clearly which name they desire and when they are not in the position of being unduly influenced by either parent. While we do not think that use of the name Cassidy-Benner would harm the children's relationship with their father, we do not find that it would enhance the relationship with either parent or end the confusion, if any, that the mother has caused to exist.

Accordingly, we enter the following

## ORDER

And now, this August 15, 1985, upon consideration of the petition for change of name, it is hereby ordered and directed that the petition is denied and

dismissed without prejudice to a renewal of the petition at a subsequent proper time.

This court directs Mary Ann Cassidy, as mother and natural guardian of Brian Andrew Benner and Colleen Elizabeth Benner, to take such steps as are necessary to have the children's birth certificates and other official documents reflect the name Benner.